IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:13-CV-261-FL

JAMES K. OVERSTREET,                    )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )            ORDER
                                        )
CAROLYN W. COLVIN, Acting               )
Commissioner of Social Security,        )
                                        )
            Defendant.                  )

This matter comes before the court on the memorandum and recommendation ("M&R") of

Magistrate Judge James E Gates, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b),

wherein it is recommended that the court dismiss the case upon frivolity review under 28 U.S.C. §

1915(e)(2)(B). No objections to the M&R have been filed. In this posture, the issues raised are ripe

for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge

and dismisses the complaint.

**DISCUSSION**

The district court reviews *de novo* those portions of a magistrate judge's M&R to which

specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the

court reviews only for "clear error," and need not give any explanation for adopting the M&R.

Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718

F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff filed a pro se complaint alleging that following a hearing on January 23, 2013, an Administrative Law Judge wrongfully denied him benefits. Plaintiff seeks relief in the form of an award of disability benefits and legal fees.

The magistrate judge recommends dismissing the complaint for lack of subject matter jurisdiction because plaintiff has not alleged that he sought administrative review of his denial of benefits, and this failure to exhaust administrative remedies is fatal to this court's jurisdiction. Where plaintiff does not object to this ground for dismissal set forth in the M&R, the court reviews this determination for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Plaintiff's complaint must be dismissed where it fails to meet the condition precedent for this court's jurisdiction. See 42 U.S.C. § 405(g). Accordingly, the court will adopt the recommendation of the magistrate judge and dismiss the complaint.

## CONCLUSION

Upon considered reviewed of the M&R and the record generally, the court ADOPTS the findings and recommendations of the magistrate judge in full. Plaintiff's complaint is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of subject matter jurisdiction. The clerk is directed to close this case.

SO ORDERED, this the 28th day of January, 2014.

LOUISE W. FLANAGAN
United States District Judge

2